# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| **LINDSEY LEIMBACH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **V.** | ) | **Case No.** |
| | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **CITY OF GLADSTONE, MISSOURI,** | ) | |
| **Serve:** | ) | |
| **Mayor R.D. Mallams-City Hall** | ) | |
| **7010 N Holmes Street** | ) | |
| **Gladstone, Missouri 64118** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **OFC. ERIC STOCK,** | ) | |
| **Serve at Place of Employment:** | ) | |
| **City of Gladstone, Missouri** | ) | |
| **Police Department** | ) | |
| **7010 N Holmes Street** | ) | |
| **Gladstone, Missouri 64118** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **SGT. ELI DORSEY** | ) | |
| **Serve at Place of Employment:** | ) | |
| **City of Gladstone, Missouri** | ) | |
| **Police Department** | ) | |
| **7010 N Holmes Street** | ) | |
| **Gladstone, Missouri 64118** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **OFC. BRIANNA SCHMIDT** | ) | |
| **Serve at Place of Employment:** | ) | |
| **City of Gladstone, Missouri** | ) | |
| **Police Department** | ) | |
| **7010 N Holmes Street** | ) | |
| **Gladstone, Missouri 64118** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **OFC. JAMES CUNNINGHAM** | ) | |
| **Serve at Place of Employment:** | ) | |
| **City of Gladstone, Missouri** | ) | |
| **Police Department** | ) | |
| **7010 N Holmes Street** | ) | |
| **Gladstone, Missouri 64118** | ) | |
| **Defendants.** | ) | |

## COMPLAINT

COMES NOW Plaintiff Lindsey Leimbach, and for her Complaint against the Defendants who are sued in their individual and official capacities states the following:

## INTRODUCTION

1.      Plaintiff Lindsey Leimbach, seeks judgment against Defendants for violation of her rights under the Fourth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. §§ 1983 and 1988; violation of her rights under the Missouri Constitution; and Missouri's negligence law. Plaintiff also seeks judgment against Defendant City of Gladstone, Missouri for implicitly or explicitly adopting and implementing policies, customs, or practices that included, among other things, allowing officers with no or inadequate training to assess the conditions, including right to be free from the use of excessive force; and for its unconstitutional policies, customs and/or practices. These policies, customs, or practices and/or failure to have the same reflected a deliberate indifference to Plaintiff.

## JURISDICTION AND VENUE

2.      This action is brought, in part, pursuant to 42 U.S.C. § 1983 for the deprivation of civil rights; jurisdiction is therefore appropriate under 28 U.S.C. §§ 1331 and 1343.

3.      This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.      The claims asserted herein arose in the Western District of Missouri, Clay County, City of Gladstone and venue is therefore proper in this Court.

## PARTIES

5.      Plaintiff is and at all times relevant herein a resident and citizen of **Clay County, Missouri.**

6.      Defendant City of Gladstone, Missouri ("City") is a political subdivision of the State of Missouri and operates the Police Department, located in Gladstone, Clay County, Missouri.  It may be served through its Mayor R.D. Mallams at City Hall, 7010 N. Holmes Street, Gladstone, Missouri 64118.

7.      Defendant City is the political subdivision of the State of Missouri that is responsible for the injuries and damages suffered by Plaintiff, which was caused by the intentional acts and/or failures to act of the duly appointed officers of the City, who were acting by virtue of or under color of the office at the time, as well as the negligent acts and/or omissions of each and every other Defendant, who were employees and/or agents of said city, and were acting within their scope of employment.

8.      At all times relevant hereto, upon information and belief, Defendant Eric Stock was a citizen and resident of Clay County, Missouri and was acting in his capacity as a Police Officer, employed by City and acting under the color of State law at the time of Plaintiff's arrest. He is hereby sued in his individual capacity. He may be served at his place of employment located at the Gladstone Police Department, 7010 N. Holmes Street, Gladstone, Missouri 64118.

9.      At all times relevant hereto, upon information and belief, Defendant Eli Dorsey was a citizen and resident of Clay County, Missouri and was acting in his capacity as a Police Officer, employed by City and acting under the color of State law at the time of Plaintiff's arrest. He is hereby sued in his individual capacity. He may be served at his place of employment located at the Gladstone Police Department, 7010 N. Holmes Street, Gladstone, Missouri 64118.

10.     At all times relevant hereto, upon information and belief, Defendant Brianna Schmidt was a citizen and resident of Clay County, Missouri and was acting in her capacity

as a Police Officer, employed by City and acting under the color of State law at the time of Plaintiff's arrest. She is hereby sued in his individual capacity. She may be served at her place of employment located at the Gladstone Police Department, 7010 N. Holmes Street, Gladstone, Missouri 64118.

11.     At all times relevant hereto, upon information and belief, Defendant James Cunningham was a citizen and resident of Clay County, Missouri and was acting in his capacity as a Police Officer, employed by City and acting under the color of State law at the time of Plaintiff's arrest. He is hereby sued in his individual capacity. He may be served at his place of employment located at the Gladstone Police Department, 7010 N. Holmes Street, Gladstone, Missouri 64118.

12.     Defendant City has established and/or delegated to Defendant employees of the Police Department the responsibility of establishing and implementing policies, practices, procedures and customs in providing the detention, medical care, medical screening, safety screenings and appropriate monitoring of individuals similarly situated as Plaintiff; and for implementing policies, practices, procedures, and/or customs for training other officers in these matters.

13.     All negligent and/or intentional acts and/or omissions which caused the injuries and damages suffered by Plaintiff occurred while she was in the custody of the City's police officers located in Gladstone, Clay County, Missouri.

14.     All negligent and/or intentional acts and/or omissions which caused the injuries and damages suffered by Plaintiff occurred while she was detained by the City's police officers located in Gladstone, Clay County, Missouri.

15.     These causes of action arose under the 4th and 14th Amendments of the U.S. Constitution and 42 USC §§ 1983 and 1988, under the Constitution of the State of Missouri

and under Missouri common law for negligence.

16.      Each of the intentional and/or negligent acts and/or omissions complained of herein which cause the injuries and damages suffered by Plaintiff occurred on or about March 10, 2020, while in the care, custody and control of Defendants.

## FACTS

17.      On or about March 10, 2020, at approximately 9:06 P.M., Defendant Dorsey was on routine patrol and located a vehicle in a parking lot at 1500 NE Englewood Rd.

18.      Defendant Dorsey pulled behind the vehicle and was able to establish the vehicle belonging to the Plaintiff.

19.      Defendant Dorsey approached the driver's side window and was able to identify the Plaintiff sleeping in the vehicle.

20.      Defendant Dorsey proceeded to knock loudly on the window in an effort to wake up Plaintiff.

21.      Defendant Dorsey then opened the door to the vehicle and woke up Plaintiff.

22.      Defendant Dorsey determined that Plaintiff was intoxicated and advised Plaintiff that she was trespassing.

23.      At approximately 9:06 P.M., Defendant Schmidt had arrived to as back up for Defendant Dorsey and observed Defendant Dorsey speaking to Plaintiff while standing outside the vehicle as Plaintiff remained in the driver's seat.

24.      At approximately 9:14 P.M., Defendant Stock arrives at the scene to assist Defendant Dorsey on the suspected DUI Investigation.

25.      Defendant Stock commanded Plaintiff to provide her driver's license.

26.      Plaintiff was attempting to obey Defendant Stock's commands.

27.     Defendant Stock continued with persistent questioning and commands.

28.     Plaintiff was sitting in the driver's seat of her vehicle with her seatbelt on attempting to comply with Defendant Stock's commands.

29.     Defendant Stock became agitated and commanded that Plaintiff remove her seatbelt and step out of her vehicle.

30.     Plaintiff asked why she needed to exit her vehicle.

31.     At this time, Defendant Stock continued to demand Plaintiff exit her vehicle.

32.     Plaintiff did not resist Defendant Stock, but Plaintiff was not moving as fast as Defendant Stock commanded.

33.     Defendant Stock then leaned into Plaintiff's vehicle grabbing her by her wrist and jerked her out of the vehicle taking her to the ground.

34.     Due to Defendant Stock's actions, Plaintiff sustained injuries.

35.     Defendant Stock continually told Plaintiff to stop resisting him.

36.     Plaintiff was wrestled to the ground while Defendant Stock and Defendant Schmidt handcuffed her.

37.     Defendant Stock then put Plaintiff in Defendant Schmidt's police vehicle.

38.     Plaintiff was transported to the police station by Defendant Schmidt.

39.     Defendant Stock responded to the police station as well.

40.     Defendant Stock inquired about a voluntary breath sample while Plaintiff was in her holding cell.

41.     Plaintiff refused giving a voluntary breath sample.

42.     Defendant Stock forcibly restrained Plaintiff again because she allegedly refused to relinquish her phone.

43.     Defendant Stock proceeded to get a warrant for Plaintiff's blood.

44.     Defendant Stock transported Plaintiff to North Kansas City Hospital Emergency Room for the drawing of her blood.

45.     Again, Defendant Stock forcibly restrained Plaintiff because she allegedly refused to give blood.

46.     Plaintiff was then released at the North Kansas City Hospital after her blood was drawn.

47.     Defendant Stock, individually and in concert with others intentionally, willfully, maliciously, and while acting under the color of State law showed a deliberate indifference to Plaintiff by aggressively and with excessive force removed Plaintiff from her vehicle causing injuries to her including but not limited to a fractured left toe, body bruising, wrist injuries, ankle injuries, back and ribs while also forcefully taking her to the ground to apprehend her.

48.     Defendant Stock, individually and in concert with others through the policies and procedures instituted by Defendant City fostered an environment which led to the deliberate indifference of Plaintiff in contravention of her civil rights.

49.     Defendant City was negligent in its supervision of Defendants and the employees and/or officers herein.

50.     Each of the Defendants, individually and in concert with one another, acted under the color of State law in both individual and official capacities to deprive Plaintiff of her rights secured to Plaintiff by the 4th and 14th Amendments to the Constitution of the United States and by 42 U.S.C. §1983.

51.     As a direct and proximate result of the actions of all Defendants described above, Plaintiff has damages and suffered injuries including but not limited to her back, ribs and lower extremities.

52.     All of the aforementioned actions demonstrate that Defendants' actions were reckless and/or callously indifferent to Plaintiff's rights so as to justify consideration by the trier of fact of aggravating circumstances in determining the amount of damages to be allowed.

53.     Plaintiff is entitled to compensation for violations of her constitutional rights that all Defendants inflicted upon her, including but not limited to all damages suffered during the excessive force used during her arrest causing Plaintiff pain and suffering; lost wages; lost earning capacity; medical expenses and future medical expenses; attorney's fees; and punitive damages.

## COUNT 1:
## Violation of Civil Rights Pursuant to Title 42 U.S.C. § 1983
## Against Defendants Stock, Dorsey, Schmidt and Cunningham

54.     Plaintiff hereby incorporates by reference the allegations made in each preceding paragraphs as if each were set forth herein.

55.     The Fourth Amendment prohibits the use of excessive force in circumstances which do not pose an immediate threat of serious bodily injury and/or death.

56.     The conduct of Defendants Stock, Dorsey, Schmidt and Cunningham as identified in this count and described herein constituted excessive force in violation of the Fourth Amendment of the United States Constitution and clearly established law.

57.     At all relevant times, Defendants Stock, Dorsey, Schmidt and Cunningham were acting under color of state law, as agents of Defendant City, and within the scope of their employment and authority as duly-certified law enforcement officers of Defendant City.

58.     At all relevant times, Defendants Stock, Dorsey, Schmidt and Cunningham were

acting in their capacity as Police Officers and directly participated in violating Plaintiff's federal rights. Defendants Stock, Dorsey, Schmidt and Cunningham are therefore liable in both their individual and supervisory capacities.

59.    At all relevant times while Plaintiff was detained and handcuffed, Defendants Stock, Dorsey, Schmidt and Cunningham did not have a reasonable fear of imminent bodily harm, nor did Defendants Stock, Dorsey, Schmidt and Cunningham have a reasonable belief that any other person was in danger of imminent bodily danger from Plaintiff.

60.    Defendants Stock, Dorsey, Schmidt and Cunningham's use of excessive force on Plaintiff was objectively unreasonable and violated clearly established law given Plaintiff's height and size.

61.    As a result of Defendants Stock, Dorsey, Schmidt and Cunningham's unjustified, excessive, and illegal use of force, Plaintiff experienced conscious pain and suffering and injuries to her body including but not limited to her back, ribs and lower extremities.

62.    In committing the acts complained of herein, Defendants Stock, Dorsey, Schmidt and Cunningham acted under color of State law to show deliberate indifference to Plaintiff by their use of excessive force and in deprivation of Plaintiff's rights under the Due Process Clause of the 14th Amendment of the United States Constitution.

63.    As a direct and proximate result of the violation of Plaintiff's constitutional rights by the Defendants Stock, Dorsey, Schmidt and Cunningham, Plaintiff suffered general and special damages as alleged in the Complaint and is herein entitled to relief under 42. U.S.C. § 1983.

64.    The conduct of the Defendants Stock, Dorsey, Schmidt and Cunningham was

willful, malicious, oppressive, and reckless and are of such nature that punitive damages should be imposed in the amount commiserate with the wrongful acts alleged herein.

WHEREFORE, Plaintiff prays this Court:

A.        Enter judgment in favor of Plaintiff and against Defendants Stock, Dorsey, Schmidt and Cunningham;

B.        Award Plaintiff compensatory damages and damages for aggravating circumstances against Defendants Stock, Dorsey, Schmidt and Cunningham;

C.        Award Plaintiff punitive damages;

D.        Award Plaintiff reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable provisions of law; and

E.        Allow such other relief as the Court deems just and proper including but not limited to lost wages; lost earning capacity; medical expenses and future medical expenses.

**COUNT 2:**
**Violation of Civil Rights Pursuant to Title 42 U.S.C. § 1983**
**(Failure to Implement Appropriate Policies, Customs, and**
**Practices and Failure to Train, Supervise and Retain)**
**Against Defendant City**

65.    Plaintiff hereby incorporates by reference the allegations made in each preceding paragraph as if each were set forth herein.

66.    From the time Plaintiff was in custody, Plaintiff's constitutional rights were deliberately disregarded and violated resulting in injury.

67.    A reasonable officer in Defendants Stock, Dorsey, Schmidt or Cunningham's position would have understood that using excessive force violated her constitutional rights.

68.    Defendant City's policy, custom and/or practice resulted in deprivation of Plaintiff's constitutional violations.

69.     Defendant City failed to properly train or modify its training to Defendants Stock, Dorsey, Schmidt and Cunningham and its other officers, including but not limited to, matters related to the reasonable and appropriate use of force during such arrests, and intervention in the excessive use of force by fellow officers.

70.     Effectuating an arrest, using force to effectuate an arrest, and intervening in the use of force is a usual and recurring situation with which Defendant City's law enforcement officers and other agents encounter on a regular basis.

71.     With deliberate indifference to the rights of citizens, Defendant City failed to provide adequate training to its officers and/or personnel in appropriate use of force during arrests and intervention in the excessive use of force by fellow officers.

72.     Defendant City was aware that deprivation of the constitutional rights of citizens was likely to result from its lack of training and the failure to modify its training.

73.     As such, Defendant City was deliberately indifferent and exhibited reckless disregard with respect to the potential violation of constitutional rights.

74.     The failure to train and/or to appropriately modify training constituted official Defendant City's policies, practices, or customs.

75.     Defendant City's failure to train and/or to modify training was behind the acts and omissions Defendants Stock, Dorsey, Schmidt and Cunningham made toward Plaintiff.

76.     Defendant City's failure to have an adequate policy, custom and/or practice resulted in the violation of Plaintiff's constitutional rights. Defendant City developed and maintained policies, customs and practices exhibiting deliberate indifference to Plaintiff's constitutional rights.

77.     Alternatively, Defendant City failed to have adequate policies, customs, and

practices to protect an arrestee/detainee's constitutional rights.

78.    Defendant City developed policies, customs, and practices violating Plaintiff's constitutional rights in failing to use of proper force during arrests and intervention in the excessive use of force by fellow officers.

79.    Defendant City failed to train, supervise, and retain staff on the rights of an arrestee/detainee, thereby demonstrating a deliberate indifference to Plaintiff.

80.    This failure to train amounts to a deliberate indifference to the rights of persons whom Defendant City's personnel comes into contact with, including Plaintiff.

81.    Upon information and belief, Defendant City appointed officers and/or personnel, who were not licensed and/or adequately trained professionals, to properly handcuff individuals, including Plaintiff.

82.    Upon information and belief, Defendants Stock, Dorsey, Schmidt and Cunningham were inadequately trained and supervised by Defendant City.

83.    Defendant City implicitly or explicitly adopted and implemented policies, customs, or practices that included, among other things, allowing officers and/or personnel with no or inadequate training to use excessive force including but not limited to improper handcuffing/restraint, which policies, customs, or practices reflected a deliberate indifference to Plaintiff

84.    The failure of Defendant City to implement policies and procedures amounts to deliberate indifference to Plaintiff.

85.    At the time of the above-described events, it was the custom or policy of Defendant City to inadequately supervise and train its officers and/or personnel, thereby evidencing a deliberate indifference to Plaintiff's constitutional rights.

86.    The need for training on the rights of detainees is obvious, and the lack of training

12

was so inadequate that it was likely to result in violating the rights of arrestees, including

Plaintiff.

87.      Defendant City's failure to supervise officers and/or personnel constituted a tacit

authorization of the offensive acts.

88.      In committing the acts complained of herein, Defendant City acted under color of

State law to show deliberate indifference in the use of excessive force and in deprivation of

Plaintiff's rights under the Due Process Clause of the 14th Amendment of the United States

Constitution.

89.      As a direct and proximate result of the violation of Plaintiff's constitutional rights

by Defendant City, Plaintiff suffered general and special damages as alleged in the

Complaint and is herein entitled to relief under 42. U.S.C. §1983.

90.      The conduct of the Defendant City was willful, malicious, oppressive, and reckless

and are of such nature that punitive damages should be imposed in the amount commiserate

with the wrongful acts alleged herein.

          WHEREFORE, Plaintiff prays this court:

A.                    Enter judgment in favor of Plaintiff and against Defendant City;

B.                    Award Plaintiff compensatory damages and damages for aggravating

circumstances against Defendant City;

C.                    Award Plaintiff punitive damages;

D.                    Award Plaintiff reasonable attorney's fees and costs pursuant to 42

U.S.C. § 1988 and any other applicable provisions of law; and

E.                    Allow such other relief as the Court deems just and proper including but

not limited to lost wages; lost earning capacity; medical expenses and future medical

expenses.

## COUNT 3:
### Negligence
### Against Defendants Stock, Dorsey, Schmidt and Cunningham

91.     Plaintiff hereby incorporates by reference the allegations made in each preceding paragraph as if each were set forth herein.

92.     Defendants Stock, Dorsey, Schmidt and Cunningham owed a duty to ensure the safety of arrestees, specifically Plaintiff.

93.     Defendants Stock, Dorsey, Schmidt and Cunningham breached their duty of care in their use of excessive force in the arrest of Plaintiff.

94.     As a direct and proximate result of the aforementioned negligence of Defendants Stock, Dorsey, Schmidt and Cunningham, Plaintiff was injured and caused to suffer conscious pain and suffering.

95.     Plaintiff suffered physical and mental pain which is an item of damage to be considered and awarded.

96.     Defendants Stock, Dorsey, Schmidt and Cunningham's conduct in this case, as set forth in the Complaint constitutes aggravating circumstances within the meaning of the laws of the State of Missouri. Furthermore, this conduct was undertaken with knowledge that such conduct produced a high degree of probability of injury to Plaintiff, or others similarly situated, and was done with such reckless or callous indifference and conscious disregard for safety of others so that public policy requires punishment through the form of aggravating circumstances.

        WHEREFORE, Plaintiff prays for judgment against Defendants Stock, Dorsey, Schmidt and Cunningham, for damages, including prejudgment interest, in a fair and reasonable sum in excess of $75,000.00, her costs incurred herein, punitive damages, and for such other relief as is deemed appropriate by the Court.

14

## INJURIES AND DAMAGES

97.     Plaintiff hereby incorporates by reference the allegations made in each preceding paragraph as if each were set forth herein.

98.     As a direct and proximate result of the deliberate indifference to Plaintiff, she suffered great physical pain and mental anguish as a result of her injuries.

99.     Plaintiff is entitled to recover punitive damages from the Defendants for their intentional, willful, and malicious acts and/or omissions which constituted a deliberate indifference to Plaintiff in violation of his civil rights pursuant to 42 U.S.C. § 1983 by Defendants.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all of the above issues, costs herein incurred, fees where appropriate, and for such relief as is deemed appropriate by the Court.

Respectfully submitted,

LAUREN ALLEN, LLC

/s/ *Lauren Perkins Allen*
Lauren Perkins Allen
Missouri Bar #49845
4717 Grand Ave., Ste. 130
Kansas City, Missouri 64112
T:  816.877.8120
F:  816.817.1120
Email:  lpa@laurenallenllc.com

**ATTORNEY FOR PLAINTIFF**